Requestor: David J. O'Connor, Esq., Village Attorney Village of Weedsport P.O. Box 236 Weedsport, N Y 13166
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the board of trustees of the Village of Weedsport may transfer land without monetary consideration to the Weedsport Free Library.
You have explained that the Weedsport Free Library is a library chartered by the Regents of the University of the State of New York. The library is now in the process of constructing a new library facility within the Village of Weedsport and the board of trustees of the village would like to convey land without monetary consideration to the library for its new building.
Villages have a broad authorization to take, purchase, sell and convey real property as is required for village purposes. Village Law §1-102(1). We are aware of no State statutory provisions as to the method of sale of real property by a village. We have previously found that a village board of trustees may determine the method of sale that is appropriate under the circumstances and that serves the public interest. 1981 Op Atty Gen (Inf) 149. All sales of real property must, however, be authorized by the board of trustees at a properly noticed public meeting. Ibid.
In a prior opinion we found:
 "In some instances, the public interest may be best served through a means of sale designed to obtain the highest price, such as through public auction or a request for proposals. In other instances, the public interest may dictate a negotiated sale to a particular person or entity. In any sale to a private party, the municipality must receive adequate consideration (NY Const, Art VIII, § 1)." 1987 Op Atty Gen (Inf) 106. We also found that a village under certain circumstances may deed land without monetary consideration provided that other consideration is received by the village in return. Ibid. In that case, land was conveyed to a rescue squad for provision of rescue services to village residents. We found that a condition in the conveyance that the land be used for this public purpose established adequate consideration to the village. Ibid.
You have explained that the parcel in question is not needed by the village. Also, you state that the transfer of this parcel will permit the construction of a library in the vicinity of a senior citizens' housing project that is being built and the library will generally serve residents of the village. The board of trustees should formally meet to make an official finding that the land is no longer needed and that the conveyance of the land to the library will serve the public interest in providing library services to residents of the village. If these findings can be made, the board of trustees should enter into a formal conveyance with the library with an express condition that the land be used for library purposes, thus assuring adequate consideration to the village. An incidental benefit to a private party does not invalidate a municipal expenditure which otherwise serves a public purpose. 1988 Op Atty Gen (Inf) 141; Informal Opinion No. 91-27.
We conclude that a village may convey land to a public library at no consideration provided that the public interest is served.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.